UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTICE FOR ALL,<br><br>                    Plaintiff,<br><br>        -against-<br><br>APLA HEALTH & WELLNESS,<br><br>                    Defendant. | 25-CV-6592 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Los Angeles, California, invokes the court's federal question jurisdiction, alleging that Defendant violated his rights in connection with a housing dispute in Los Angeles, California.[1] Plaintiff also attempts to bring claims arising from his disagreement with orders issued by the United States District Court for the Central District of California in a similar action Plaintiff brought in that court. Named as Defendant is APLA Wellness and Fitness, a California non-profit organization that provided housing to Plaintiff in Los Angeles. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Central District of California.

## DISCUSSION

**A.    Transfer Order**

Under the general venue statute, 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1] Plaintiff initiated this action by filing a 402-page "Emergency Motion for a Temporary Restraining Order" (ECF 1) and a document labeled, "Public Emergency Statement Under Rule 65(b)(1)" (ECF 2). Plaintiff did not file a complaint, and he did not pay the filing fees or submit an application to proceed *in forma pauperis*. Plaintiff filed this action under the name "Justice for All" and seeks to proceed under a pseudonym. Because Plaintiff's motion and the attachment include his real name, the Court has directed the Clerk of Court to limit viewing of those submission on the electronic docket to case participants only.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff also attempts to bring claims under the RICO Act, which includes a venue provision, 18 U.S.C. § 1965(a). Civil RICO Act claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transacts affairs.

Plaintiff alleges that Defendant is a California non-profit, and he asserts claims arising from a housing dispute and an associated federal court case in Los Angeles County, California. He alleges no facts demonstrating that Defendant resides or transacts affairs in this District or that any of the events giving rise to his claims occurred in this District. Thus, from the face of Plaintiff's submissions, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2) or Section 1965(a).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Los Angeles County, California, where Defendant resides and transacts business. Los Angeles County is in the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, venue lies in the Central District of

California, 28 U.S.C. § 1391(b)(2), 18 U.S.C. § 1965(a), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, 28 U.S.C. § 1406(a).

**B.     Communications with Chambers**

Plaintiff has recently sent several emails directly to the undersigned's chambers' email address, in violation of the court's Standing Order[2] and the undersigned's Individual Practices.[3] The Court directs Plaintiff to cease further attempts to contact the undersigned's chambers by email or any other means. All filings must be submitted to the court's Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[4] A summons shall not issue from this court. This order closes this case in this court.

---

[2] *In the Matter of Pro Se Litigation*, M10-468 (Oct. 31, 1996) ("[A]ll pro se litigants shall file their papers with the Pro Se Office of this Court.").

[3] The Court's Individual Practices state that:

Pro se parties are directed to submit all filings and communications addressed to Judge Swain*, whether related to a case pending before the Court, or to a matter the party wishes to direct to Judge Swain in her capacity as Chief Judge*, through the Court's Pro Se Intake Unit. Information about the Court's Pro Se Intake Unit and how to submit filings to that Unit is available on the Court's website, at https://www.nysd.uscourts.gov/prose. Submissions emailed, mailed, or faxed directly to Judge Swain's chambers by pro se parties may be disregarded.

Individual Practices of Chief Judge Laura Taylor Swain (emphasis in original).

[4] As stated above, Plaintiff did not pay the filing fees or submit an application to proceed *in forma pauperis*.

The decision regarding Plaintiff's motion for a temporary restraining order and his request to proceed under a pseudonym are left to the transferee court. The Clerk of Court is directed to terminate all pending motions.

The Court directs Plaintiff to cease further attempts to contact the undersigned's chambers by email or any other means. All filings must be submitted to the court's Pro Se Intake Unit.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 12, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge